FILED
United States Court of Appeals
Tenth Circuit

September 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEREK HALL,

  Plaintiff-Appellant,

v.

INTERSTATE BRANDS
CORPORATION,

  Defendant-Appellee.

No. 09-3229
(D.C. No. 2:08-CV-02073-EFM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Derek Hall appeals the district court's grant of summary judgment to

Interstate Brands Corporation ("IBC") on his claims of race discrimination,

retaliation, hostile work environment, and wrongful termination under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) & 2000e-3(a). We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Mr. Hall is an African-American who was employed by IBC from June 1999 until he was terminated in October 2008. During his first six years delivering bread products for IBC, he accumulated 13 disciplinary violations, including a three-day suspension, from no fewer than four different supervisors. The reasons for the discipline included driving accidents, failure to follow instructions, and poor customer service resulting in lost client accounts. In May 2005, Mr. Hall voluntarily transferred to a position loading delivery trucks, but his disciplinary record continued to suffer, and by April 16, 2007, he had been reprimanded three more times, although one reprimand was rescinded.

On May 6, 2007, while still working as a loader, Mr. Hall filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). He alleged that his Cuban supervisor had reprimanded him for the same conduct that was tolerated from Caucasian employees. He also claimed that his supervisor had subjected him to "racially offensive jokes, comments and demeaning conduct," and when he had reported the mistreatment to IBC's general supervisor, he had been reprimanded even more in retaliation. Aplt. App., Vol. 3 at 419.

Three months after Mr. Hall filed his EEOC complaint, IBC suspended him for bringing an air rifle to work. The company then issued him two more reprimands in February and July of 2008, before firing him in October of that same year. According to Mr. Hall, he was fired after being involved in a verbal

altercation with another employee at work. Although his supervisor had instructed him to give a statement of his account of the incident, Mr. Hall was tired and left work without authorization and without giving his statement. He was suspended that same day and ultimately terminated for insubordination.

In the meantime, Mr. Hall received his right to sue letter and initiated this action, claiming disparate treatment, retaliation, and hostile work environment. After he was fired, he sought to amend his complaint to add a claim of wrongful termination. Following discovery, the district court granted IBC's motion for summary judgment. Applying *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973),[1] the court determined that Mr. Hall had failed to establish a prima facie case of discrimination, *see Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) ("To make out a prima facie case of discrimination, . . . Plaintiffs must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees."), and

---

[1]

> Under *McDonnell Douglas*, a plaintiff may survive summary judgment by providing circumstantial rather than direct evidence of discrimination. To do so, the plaintiff must first demonstrate a prima facie case of unlawful discrimination. If she succeeds at this first stage, the burden of production then shifts to the employer to identify a legitimate, nondiscriminatory reason for the adverse employment action. Once the employer advances such a reason, the burden shifts back to the plaintiff to prove the employer's proffered reason was pretextual.

*Jones v. Okla. City Pub. Sch.*, ___ F.3d ___, 2010 WL 3310226, at *4 (10th Cir. Aug. 24, 2010) (citations omitted).

that in any event, IBC had offered legitimate, nondiscriminatory reasons for its disciplinary measures, which Mr. Hall had not rebutted with a showing of pretext.

Likewise, the court determined that Mr. Hall had failed to establish a prima facie case of retaliation because there was no causal link between the protected activity and materially adverse action. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (requiring plaintiff to show "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action" (footnote omitted)); *see also Semsroth v. City of Wichita*, 555 F.3d 1182, 1184 (10th Cir. 2009) ("an employer's actions are 'materially adverse' if they are 'harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination'" (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006))).

Additionally, the court rejected the hostile-work-environment claim because it found that IBC had not created a workplace so "permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment." *See Hall v. U.S. Dep't of Labor, Admin. Review Bd.*, 476 F.3d 847, 851 (10th Cir. 2007) (internal quotation marks omitted). In the absence of a meritorious discrimination, retaliation, or hostile-work-environment

claim, the court held that IBC was entitled to judgment on the wrongful-discharge claim as well.

## II

We review the district court's grant of summary judgment de novo, examining "the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009) (internal quotation marks omitted). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

On appeal Mr. Hall reiterates his allegations of discriminatory conduct and reasserts that the evidence was sufficient to support his claims. But after reviewing the district court's order, along with the parties' appellate materials and the relevant legal authority, we believe that IBC was entitled to judgment.

First, the district court correctly explained that even if Mr. Hall had established a prima facie case of discrimination, he admitted each act of misconduct for which he was cited; agreed that none of his first 13 violations had been imposed because of his race; and conceded that there was no evidence (other than his own personal belief) that the remaining disciplinary measures were motivated by racial animus or retaliatory intent. Accordingly, Mr. Hall failed to

demonstrate that IBC's stated nondiscriminatory reasons for its actions were pretextual.

Second, the court correctly recognized that Mr. Hall could not establish a prima facie case of retaliation because the three-month gap between his EEOC complaint and his suspension was too long to establish causation by temporal proximity. *See Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007) (close temporal proximity may give rise to inference of retaliation if adverse action is "*very closely* connected in time to the protected activity" (internal quotation marks omitted)); *Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1183-84 (10th Cir. 2002) (three-month gap between protected activity and adverse action was too long to establish causation). Nor was the proximity between his EEOC complaint and his termination, or the filing of this lawsuit and termination, sufficient to show causation. And even if Mr. Hall had been able to establish an inference of causation by temporal proximity alone, IBC offered legitimate, nondiscriminatory reasons for its actions, and Mr. Hall presented no evidence of pretext.

Third, the district court correctly rejected the claim of hostile work environment because Mr. Hall alleged only limited, isolated incidents of inappropriate conduct, and he personally heard only one racial comment that was directed at him. *See Chavez v New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) ("A plaintiff cannot meet [his] burden by demonstrating a few isolated incidents

of racial enmity or sporadic racial slurs. Instead, there must be a steady barrage of opprobrious racial comments." (citations and internal quotation marks omitted)). Given these circumstances, the court was correct to grant IBC judgment on the wrongful-termination claim as well. Accordingly, for substantially the same reasons articulated in the district court's order dated July 13, 2009, we AFFIRM.

Entered for the Court


Harris L Hartz
Circuit Judge